UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-02050-MRA-JC | Date | November 14, 2025 |
| Title | *Senay Kenfe v. NewRez LLC, et al.* | | |

| | |
|---|---|
| Present: The Honorable | MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE |

| Melissa H. Kunig | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**   **(IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION AND FAILURE TO COMPLY WITH THE COURT'S ORDERS**

Plaintiff commenced this action on January 30, 2025, in Los Angeles County Superior Court. ECF 1. Defendants removed the action to federal court on March 7, 2025. *Id.* They filed an Answer on July 8, 2025. ECF 19. The Court thereafter issued an Order Setting the Scheduling Conference, calendaring the scheduling conference in this matter for September 8, 2025. ECF 21.

On July 7, 2025, Plaintiff's counsel Josue Cristobal Guerrero ("Guerrero") filed an initial Motion to Withdraw as Plaintiff's attorney. ECF 18. On July 11, 2025, the Court clarified the date, time, and place of the hearing on the Motion and ordered that Plaintiff and Guerrero must appear at the hearing. ECF 20. Plaintiff and Guerrero failed to appear. ECF 22. The Court thereafter denied Guerrero's Motion to Withdraw and ordered Guerrero to show cause why sanctions should not be imposed. ECF 23. On August 19, 2024, Guerrero renewed the Motion to Withdraw. ECF 24. On August 21, 2025, the Court advanced the hearing to September 22, 2025, ordered Plaintiff and Guerrero to appear at the hearing, and further ordered Guerrero to file a revised Notice of Motion and proof of service of the revised Notice on Plaintiff. ECF 26. Guerrero filed a revised Notice of Motion, ECF 28, but Plaintiff and Guerrero once again failed to appear at the calendared hearing, ECF 30. Guerrero's renewed Motion to Withdraw was denied on the record. *Id.* The Court sanctioned Guerrero for failing to appear at the hearing on the initial Motion to Withdraw and ordered Guerrero to show cause why further sanctions should not be imposed for failing to appear at the September 22, 2025, hearing. ECF 31.

On October 10, 2025, Guerrero once more renewed the Motion to Withdraw. ECF 34. The Court again advanced the hearing to November 10, 2025, and ordered Plaintiff and Guerrero to appear at the hearing. ECF 36. On October 29, 2025, Guerrero filed a Notice of Advanced

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-02050-MRA-JC | Date | November 14, 2025 |
|---|---|---|---|
| Title | *Senay Kenfe v. NewRez LLC, et al.* | | |

Hearing advising Plaintiff that he must appear in person at the hearing. ECF 37. Guerrero served the Notice on Plaintiff by mail to Plaintiff's last known address and by email to his last known email address. ECF 37. Guerrero appeared at the November 10, 2025, hearing; however, Plaintiff failed to appear. ECF 38. For the reasons stated on the record, the Court granted Guerrero's Motion to Withdraw, ordered Guerrero to serve the hearing minutes on Plaintiff and to file a proof of service within five court days, and sanctioned Guerrero for failing to appear at the September 22, 2025, hearing. *Id.*

Notwithstanding Guerrero's Motions to Withdraw, Cynthia Velasco ("Velasco") of Greenacre Law, LLP ("Greenacre") remains Plaintiff's attorney of record in these proceedings. Although Guerrero and Velasco are both attorneys at Greenacre, Guerrero never requested leave for Velasco or Greenacre to be relieved as counsel. Indeed, the granted Motion to Withdraw only requested that Guerrero be terminated as Plaintiff's attorney. ECF 34-1. Velasco has not independently filed a motion to withdraw as Plaintiff's attorney. The Court is bound by the letter of Local Rule 83-2.3.2, which states in no uncertain terms that "[a]n attorney may not withdraw as counsel except by leave of court." Thus, absent a written motion made by Velasco requesting her termination, the Court cannot correct what appears to be Guerrero's oversight.

Plaintiff has failed to appear as ordered by the Court on three separate occasions. Plaintiff's (and Guerrero's) repeated failures to appear as required has halted the progress of litigation and needlessly expended the Court's limited resources. "[W]here the plaintiff fails to appear in answer to a noticed hearing on a motion . . . , the district court did not abuse its discretion in dismissing for lack of prosecution." *Sullivan v. Burkland*, 105 F.3d 666 (9th Cir. 1996); *see also* Fed. R. Civ. P. 41(b).

For the foregoing reasons, Plaintiff is **ORDERED TO SHOW CAUSE** in writing no later than **November 26, 2025**, why this action should not be dismissed for lack of prosecution. Specifically, Velasco shall lodge (a) a declaration of Plaintiff, averring why Plaintiff failed to appear at the three prior noticed hearings, and (b) a declaration of counsel, representing the steps taken to prosecute this action since it was removed to federal court. **Failure to timely file an appropriate response shall result in dismissal of this action without prejudice.**

IT IS SO ORDERED.

Initials of Deputy Clerk   mku